DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000

and

Lewis F. Gould, Jr. (*admitted pro hac vice*)
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Tel. No.: (215) 979-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
LENOX CORPORATION,                           :
                                             :
                                             :    Civil Action No. 09-CV-4253(LTS)
                        Plaintiff,           :
                                             :    **SECOND AMENDED**
                                             :    **COMPLAINT AND**
            -against-                        :    **JURY DEMAND**
                                             :
TARGET CORPORATION,                          :
PTS AMERICA INC., UTANA INC.                 :    ECF CASE
and JAVA ENTERPRISES PRIVATE LTD.            :
d/b/a UTANA                                  :
                                             :
                        Defendants.          :
---------------------------------------------------------------X

Plaintiff, Lenox Corporation, by its undersigned attorneys, Duane Morris LLP, for its Amended Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is an action for copyright infringement, statutory unfair competition and common law unfair competition, deceptive trade practices, and dilution, tarnishment and injury

to business reputation under the laws of the State of New York. Plaintiff brings this action based upon defendants' unauthorized past and current sales of dinnerware that bear images, designs and color schemes that have been copied from and infringe upon copyrighted designs taken from dinnerware that was or is currently being sold by plaintiff at various department stores and specialty retail stores and through direct consumer channels such as catalogs and internet websites, which provide the basis for plaintiff's claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for unfair competition under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition, deceptive trade practices, and dilution, tarnishment and injury to business reputation under the laws of the State of New York. Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, Sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1332(a), 1338(a) and 1338(b), and under principles of supplementary jurisdiction. Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c), because the defendants conduct business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

3. Plaintiff Lenox Corporation (hereinafter, "Lenox" or "Plaintiff") is a corporation duly organized and existing under the laws of Delaware with offices at 1414 Radcliffe Street,

Bristol, Pennsylvania 19007. Lenox is the owner of copyrights in the design of china dinnerware products (collectively, "Plaintiff's Copyrights").

4. Upon information and belief, defendant Target Corporation (hereinafter, "Target") is a corporation duly organized and existing under the laws of Minnesota, and has offices at 1000 Nicollet Mall Department TPN-0945, Minneapolis, Minnesota 55403-2542.

5. Upon information and belief, defendant PTS America Inc. (hereinafter, "PTS America") is a corporation duly organized and existing under the laws of Delaware, and has offices at 222 Fifth Avenue, New York, New York 10001.

6. Upon information and belief, defendant Utana, Inc. (hereinafter, "Utana") is a corporation duly organized and existing under the laws of Singapore. Upon information and belief, Utana has an office at 222 Fifth Avenue, New York, New York 10001. Upon information and belief, Utana also has an office at 25 Tagore Lane #01-03, Singapore Godown, Singapore 787601.

7. Upon information and belief, defendant Java Enterprises Private Limited d/b/a Utana (hereinafter, "Java Enterprises") is a corporation duly organized and existing under the laws of Singapore. Upon information and belief, Java Enterprises conducts business under the trade name Utana. Upon information and belief, Java Enterprises also conducts business under the trade names Java Enterprises and Java Factory Outlet. Upon information and belief, Java Enterprises has an office at 25 Tagore Lane #01-03, Singapore Godown, Singapore 787601. Defendants Target, PTS America, Utana and Java Enterprises shall hereinafter collectively be referred to as "Defendants."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiff's Activities

8. Since 1889, the Lenox® brand has been noted for its creative fine tableware, giftware, and collectible products. Lenox is among the world's oldest and most respected brands in the fine tableware and giftware categories— favored by presidents, displayed in museums, honored with awards, and enjoyed in homes across America. Lenox® brand tableware has been displayed and used in the White House, the Vice President's official residence, more than 300 embassies, and more than half of the governors' mansions. Lenox's giftware has been selected for presentation to dignitaries by U.S. Presidents, the U.S. Congress and the U.S. Department of State, among others. Lenox's products have also been included in the permanent collections of America's most prestigious cultural institutions, including the Metropolitan Museum of Art in New York, and have been the centerpieces in exhibitions of American decorative arts.

9. Lenox® china tableware patterns consistently rank among the most popular china patterns nationwide and the Lenox® brand ranks first in the fine dinnerware category in the U.S. market. Over the years, Lenox's focus on fine tableware has broadened to include premium dinnerware, crystal stemware and stainless steel flatware including Lenox's highly successful Simply Fine™ product line. The Lenox® brand is famous and Lenox® branded products are sold throughout the United States.

10. As one of the most prestigious and famous brands in the fine tableware, gifts, and collectibles category, Lenox sells its fine tableware, gifts, and collectibles at many leading department stores and specialty retail stores such as Macy's, Bed Bath & Beyond, Dillard's, Belk, Boscov's, and The Bon Ton, as well as through Lenox operated retail stores, Lenox's website located at www.Lenox.com and through the Lenox catalog. Lenox's website accepts

orders directly from consumers. Lenox mails the Lenox catalog directly to consumers who can place orders for direct delivery of Lenox's tableware and other products.

11. Over the years, Lenox continuously and extensively advertises and promotes its Lenox® brand products in a wide variety of national media including nationally circulated newspapers and magazines. As a result of Lenox's extensive advertising and promotion of its Lenox® brand, the volume of sales of goods under the Lenox® brand have been enormous and the Lenox® brand is the highest selling brand for fine tableware and among the largest selling brands for gifts and collectibles in the United States.

12. The extraordinary and longstanding success of Plaintiff's Lenox® brand has fostered wide renown with the trade and public and the products sold under the Lenox® brand have a reputation for being of the highest quality.

13. Lenox created and purchased the original artwork, color schemes and designs for certain china dinnerware patterns which were marketed and sold in connection with Lenox's highly successful Simply Fine Lenox® line of dinnerware products. The most successful dinnerware pattern marketed under the Simply Fine Lenox® product line is the "Chirp"™ line, depicted in Exhibit 1, and hereinafter referred to as the "Lenox Dinnerware Patterns." The Lenox Dinnerware Patterns feature copyrighted designs which incorporate many unique and distinctive images of birds, branches, leaves and flowers. The Lenox Dinnerware Patterns were being, or are currently being, sold under the Lenox® brand in various department stores and specialty retail stores, on Lenox's website and through other retail channels.

14. The Lenox Dinnerware Patterns contain material which is wholly original. The Lenox Dinnerware Patterns constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

15. Lenox filed with the U.S. Copyright Office applications to register the copyrights in the Lenox Dinnerware Patterns. The U.S. Copyright Office issued the following copyright registrations for the Lenox Dinnerware Patterns: U.S. Copyright Registration Nos. VA 1-661-554, VA 1-678-437, VA 1-678-343, and VA 1-678-339.

16. Lenox's tableware, gifts, and collectibles are currently available and sold to consumers throughout this District, this State and the United States.

B. Defendants' Unlawful Activities

17. Upon information and belief, Target operates a chain of department stores and a website located at Target.com, which sells merchandise directly to consumers.

18. Upon information and belief, Target markets, distributes and sells merchandise including tableware, home accessories, women's and men's clothing, shoes, consumer electronics, appliances and toys in retail establishments throughout the United States and online on Target's website located at www.target.com.

19. According to Target's website, Target operates a chain of over 1,600 retail stores in the United States. Accordingly, Target is ranked as one of the largest retail chains in the United States. According to a Dun & Bradstreet report, Target's annual sales for the 12-month period ending in January 2009 totaled almost $65 billion dollars.

20. Upon information and belief, defendants PTS America, Utana and Java Enterprises, independently or under the direction of Target, created and reproduced derivative works based upon original elements of the Lenox Dinnerware Patterns (collectively, the "Infringing Merchandise") and marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works to Target and/or other retailers and/or distributors.

21. Target marketed, promoted, advertised and sold the Infringing Merchandise in Target stores and on the Target website located at www.target.com. Upon information and belief, other retailers and/or distributers may have also marketed, promoted, advertised and sold the Infringing Merchandise to consumers.

22. The Infringing Merchandise features images, designs, and color schemes which are substantially similar to the images, designs, and color schemes featured in the copyrighted Lenox Dinnerware Patterns. Annexed hereto as Exhibit 2 are photographs depicting the Infringing Merchandise. The Infringing Merchandise infringed Plaintiff's Copyrights in the Lenox Dinnerware Patterns and Defendants used these illegal and unauthorized copies/derivative works to market, advertise and promote their business, products and services. The Infringing Merchandise is currently available and is being sold to consumers throughout this District, this State and the United States.

23. Upon information and belief, Defendants had access to the Lenox Dinnerware Patterns, intentionally copied or caused to be copied the images, designs and color schemes featured on the Lenox Dinnerware Patterns, and used identical, or nearly identical patterns for the Infringing Merchandise. Upon information and belief, Defendants copied or caused to be copied the Lenox Dinnerware Patterns for the specific purpose of infringing Plaintiff's Copyrights in the Lenox Dinnerware Patterns and selling illegal and unauthorized copies of the Lenox Dinnerware Patterns for prices that are merely a fraction of the prices charged by Lenox.

24. Upon information and belief, Defendants are attempting to pass their products off as Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendants have copied or caused to be copied the Lenox Dinnerware Patterns in an effort to make Defendants' Infringing Merchandise confusingly similar to Lenox's

products and/or pass off Defendants' products as Lenox's own products. In connection with this scheme, the Infringing Merchandise prominently features many of the unique and distinctive elements depicted in the Lenox Dinnerware Patterns—such as images of birds, branches, leaves and flowers—and a design and color scheme similar to the Lenox Dinnerware Patterns.

25. Upon information and belief, Defendants have engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source of their companies' products and trade upon Lenox's valuable intellectual property, goodwill and reputation. Annexed hereto as Exhibit 3 are print-outs of customer reviews which were published and/or currently appear on Target's website which evidence that Defendants are trading upon and profiting from Plaintiff's valuable intellectual property, goodwill and reputation in the Lenox Dinnerware Patterns.

26. Defendants have engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiff's Copyrights and intellectual property, confuse consumers as to the source of their companies' products and trade upon the valuable good will and reputation of Plaintiff's intellectual property.

27. Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the sale of the Lenox Dinnerware Patterns and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of the Infringing Merchandise. Defendants' wrongful conduct has also deprived and will continue to deprive Lenox of opportunities for expanding its goodwill. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Lenox Dinnerware Patterns and works derived therefrom. Upon information and belief, unless enjoined by this Court, Defendants' conduct has

caused and will continue to cause the dilution of Plaintiff's Lenox Dinnerware Patterns and to injure the reputation of Plaintiff and its well-known and distinctive brands.

28. As a direct and proximate result of the acts of Defendants alleged above, Plaintiff has already suffered irreparable damage and lost revenues. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and loss of revenues as a result of damage to Plaintiff's goodwill and reputation, and the market for Plaintiff's goods and services, the dilution of Plaintiff's Lenox Dinnerware Patterns and injury to Plaintiff's reputation and brands until Defendants' actions are enjoined by this Court.

29. On April 8, 2009, Plaintiff sent a letter to Target advising Target of Plaintiff's rights in the Lenox Dinnerware Patterns and demanding that Target cease its illegal activities. Annexed hereto as Exhibit 4 is a copy of Plaintiff's April 8, 2009 letter to Target. Having received no response to its letter, Plaintiff contacted Target on the telephone to once again advise it of Plaintiff's rights in the Lenox Dinnerware Patterns and the illegality of Target's activities, and to demand that Target cease its use of Plaintiff's intellectual property. Prior to Plaintiff's filing of the Complaint in this action, Defendants failed to provide any written response to Plaintiff's April 8, 2009 letter.

30. To date, Defendants have not ceased their illegal activities.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

31. Plaintiff realleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein.

32. The Lenox Dinnerware Patterns are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

Lenox is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Lenox Dinnerware Patterns.

33. Upon information and belief, as a result of the open use, display and sale of the copyrighted Lenox Dinnerware Patterns, Defendants had access to the Lenox Dinnerware Patterns prior to the sale and/or distribution of Defendants' Infringing Merchandise.

34. Without the permission or authorization of Plaintiff, Defendants have continued to reproduce and/or copy the copyrighted Lenox Dinnerware Patterns and to promote and offer for sale the Infringing Merchandise, which is substantially similar to the Lenox Dinnerware Patterns.

35. Upon information and belief, Defendants have profited from the sales of the Infringing Merchandise, which is substantially similar to the Lenox Dinnerware Patterns.

36. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Plaintiff's copyrighted Lenox Dinnerware Patterns.

37. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive Lenox of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit the Plaintiff's Copyrights and to create derivative works based on the designs, and to deprive Lenox of the goodwill in Plaintiff's Copyrights, and to injure Lenox's relations with present and prospective customers.

38. By their actions, as alleged above, Defendants have infringed and violated Lenox's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling a line of dinnerware that bears images and color schemes that

are strikingly, or substantially, similar to Lenox's copyrighted Lenox Dinnerware Patterns, all without Lenox's authorization or consent.

39. Upon information and belief, Defendants' infringement of Plaintiff's Copyrights is willful and deliberate and Defendants have profited at the expense of Lenox.

40. Defendants' conduct has caused and will continue to cause irreparable injury to Lenox unless enjoined by this Court. Lenox has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

41. Plaintiff realleges paragraphs 1 through 40 above and incorporates them by reference as if fully set forth herein.

42. The Infringing Merchandise sold by Defendants uses copies, variations, simulations or colorable imitations of Plaintiff's Lenox Dinnerware Patterns and constitutes false designations of origin, false descriptions and representations of goods sold by Defendants and false representations that Defendants' goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff.

43. Upon information and belief, Defendants have knowingly adopted and used copies, variations, simulations or colorable imitations of Plaintiff's Lenox Dinnerware Patterns with full knowledge of Plaintiff's intellectual property rights in the Lenox Dinnerware Patterns.

44. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

46. Plaintiff realleges paragraphs 1 through 45 above and incorporates them by reference as if fully set forth herein.

47. Upon information and belief, Defendants were aware of Plaintiff's prior sale of the Lenox Dinnerware Patterns and adopted and used the Infringing Merchandise in disregard of Plaintiff's prior intellectual property rights. Upon information and belief, the sale by Defendants of the Infringing Merchandise has resulted in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendants. The effect of Defendants' misappropriation of Plaintiff's goodwill symbolized by the Lenox Dinnerware Patterns is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

48. Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

49. Plaintiff realleges paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

51. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

52. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
## (N.Y. General Business law §360-1)

53. Plaintiff realleges paragraphs 1 through 52 above and incorporates them by reference as if fully set forth herein.

54. Plaintiff's Lenox Dinnerware Patterns are inherently distinctive and have acquired significant renown and secondary meaning as an indication of source for Plaintiff's distinctive dinnerware products among the media, trade, and public.

55. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's Lenox Dinnerware Patterns has caused and will continue to cause the dilution of the distinctive quality of Plaintiff's Lenox Dinnerware Patterns and to injure Plaintiff's business reputation.

56. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's Lenox Dinnerware Patterns in connection with products not controlled or otherwise subject to Plaintiff's quality control has caused and will continue to cause dilution and/or injury to the reputation of Plaintiff and Plaintiff's famous Lenox® brand.

57. By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law §360-1.

WHEREFORE, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

    (a) manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Merchandise or any other item that infringes Plaintiff's rights;

    (b) directly or indirectly infringing the Plaintiff's Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Lenox Dinnerware Patterns or the Plaintiff's Copyrights or to participate or assist in any such activity;

    (c) continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted Lenox Dinnerware Patterns or any design substantially similar thereto or derived therefrom;

    (d) selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Lenox Dinnerware Patterns in any manner or form, or the marketing, advertising or promotion of same;

(e) imitating, copying or making any unauthorized use of Plaintiff's Lenox Dinnerware Patterns or any copy, simulation, variation or imitation thereof;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(g) using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importing of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(h) diluting the distinctive quality of Plaintiff's Lenox Dinnerware Patterns;

(i) registering or applying to register as a copyright, trademark, service mark, trade name or other source identifier or symbol of origin any copyright, mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's Copyrights or marks;

(j) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights;

(k) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j).

2. Requiring Defendants to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

3. Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

4. Requiring Defendants to recall immediately the Infringing Merchandise and any and all advertisements therefor, from all of their distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of the Infringing Merchandise, and to immediately remove the Infringing Merchandise from public access.

5. Directing that Defendants abandon their current practice of infringing, diluting, misappropriating, and/or copying the designs of any Lenox® brand tableware products, and/or any original elements thereof, in connection with any businesses, including, but not limited to, the Target stores and/or any other stores or websites owned and/or operated by Defendants.

6. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other related materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Lenox Dinnerware Patterns, used alone or in combination with other words and/or designs.

7. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured,

sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products.

8. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9. Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' copyright infringement, unfair competition, and unfair trade practices and dilution of Plaintiff's intellectual property.

10. Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

11. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

12. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

13. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

14. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
September 30, 2009

                Respectfully submitted,

                DUANE MORRIS LLP

By: *[signature: Vanessa Hew]*

                Gregory P. Gulia
                Vanessa Hew
                1540 Broadway
                New York, New York 10036-4086
                Tel. No.: (212) 692-1000
                Fax No.: (212) 692-1020

                and

                Lewis F. Gould, Jr.
                (*admitted pro hac vice*)
                30 South 17th Street
                Philadelphia, Pennsylvania 19103-4196
                Tel. No.: (215) 979-1000
                Fax No.: (215) 979-1020

                Attorneys for Plaintiff Lenox Corporation