Kaz5

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
and
Lewis F. Gould, Jr. (admitted pro hac vice)
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Tel. No.: (215) 979-1000

Attorneys for Plaintiff

EDWARDS ANGELL PALMER & DODGE LLP
Kelly D. Talcott
YeWon Min
750 Lexington Ave.
New York, New York 10022
Tel. No. (212) 308-4411

Attorneys for Defendants Target Corporation and PTS America, Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED 10/14/09

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
LENOX CORPORATION,  :
 :  Civil Action No. 09-CV-4253(LTS) (THK)
                Plaintiff,  :
 :  ECF CASE
        -against-  :
 :
TARGET CORPORATION,  :
PTS AMERICA INC., UTANA INC.  :
and JAVA ENTERPRISES PRIVATE LTD.  :
d/b/a UTANA  :
 :
                Defendants.  :
------------------------------------------------------------X

### STIPULATED PROTECTIVE ORDER

Plaintiff / Counterclaim Defendant Lenox Corporation ("Plaintiff" or "Lenox") and

Defendants / Counterclaim Plaintiffs Target Corporation and PTS America, Inc. (collectively,

"Defendants") having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery and settlement negotiations in this case, and the parties having stipulated to the proposed draft protective order, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt.

1. Any person subject to this Order who receives from any other person any "Material" (i.e., information of any kind provided in connection with discovery or settlement negotiations in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Material or Attorneys' Eyes Only Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Material may designate as Confidential only such portion of such material as consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins) and information of a highly proprietary business or technical nature that is likely to be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto;

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information hereinafter given confidential status by the Court.

3.  With respect to the Confidential portion of any Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Alternatively, such producing person or that person's counsel shall have until seven days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential," which period may be extended by agreement of the parties. During the earlier of that seven day period or until a "Confidential" or "Attorneys' Eyes Only" designation is made, the parties shall treat the transcript as "Attorneys' Eyes Only." Upon being informed that any part of a transcript is being designated as "Confidential" pursuant to this section, each party shall

immediately cause each copy of the transcript in its control to be appropriately marked, and shall limit disclosure of that transcript (and its exhibits) in accordance with paragraphs 4 and 5 below.

4.  No person subject to this Order other than the producing person shall disclose any of the Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) counsel of record for the respective parties to this litigation, including employees of the law firm of such counsel of record;

(b) the parties, employees and agents of the parties to this action who have a need to review such information for the sole purposes of assisting counsel in this action or to participate in settlement discussions;

(c) any independent outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation (including their secretarial and clerical personnel), provided that such experts or consultants have executed an Acknowledgement in the form annexed as Exhibit 1 hereto stating that the person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgment, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. However, in the event of any unauthorized disclosure of any Confidential Material or Attorneys' Eyes Only Material, all executed Acknowledgements shall be produced within 24- hours of the non-disclosing party's receipt of a written demand for the production of such Acknowledgments from the party whose Confidential Material or Attorneys' Eyes Only Material was improperly disclosed;

(d) the designated authors, senders, addressees and copy recipients of the producing party's Confidential Material;

(e) stenographers engaged to transcribe depositions conducted in this action;

(f) the Court and Court personnel including stenographic reporters employed by the Court;

(g) any other witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action in connection with the specific material that has been designated as "Confidential," provided that such witness has executed an Acknowledgement in the form annexed as Exhibit 1 hereto and that a copy of the executed Acknowledgement is served upon counsel for each party together with the address of the witness. No disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for each other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period; and

(h) Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any employee of the parties, except as otherwise provided herein.

5. The parties to this action and each party from whom information or documents are sought in this action may label or segregate Confidential Material produced by it, its answers to interrogatories, or any of its other responses to discovery demands as "Attorneys' Eyes Only" to the extent that it believes in good faith that such documents, things, answers or responses (hereinafter "Attorneys' Eyes Only Material") include extraordinarily sensitive trade secrets or other confidential research, development or commercial information. Each such document, thing, answer or response shall be stamped "Attorneys' Eyes Only" on each page containing such Attorneys' Eyes Only Material. Such labeling or segregation shall be made at the time that

a response to a discovery demand is made. Information falling within the scope of this paragraph disclosed during depositions upon oral examination under F.R.C.P. 30 that is to be treated as Attorneys' Eyes Only Material under this paragraph shall be designated as Attorneys' Eyes Only by the deponent or his counsel prior to the completion of such deposition and shall be bound separately and labeled "Attorneys' Eyes Only." Alternatively, such producing person or that person's counsel shall have until seven days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Attorneys' Eyes Only," which period may be extended by agreement of the parties. During the earlier of that seven day period or until a "Confidential" or "Attorneys' Eyes Only" designation is made, the parties shall treat the transcript as "Attorneys' Eyes Only." Upon being informed that any part of a transcript is being designated as "Attorneys' Eyes Only" pursuant to this section, each party shall immediately cause each copy of the transcript in its control to be appropriately marked, and shall limit disclosure of that transcript (and its exhibits) in accordance with paragraphs 6 and 7 below.

6. Except as otherwise directed by a court of competent jurisdiction, Attorneys' Eyes Only information received from a party shall be used solely for purposes directly related to settlement negotiations or preparation for trial in this action only and may be disclosed by persons receiving such information only to the following persons:

(a) all counsel of record for the respective parties to this litigation (including employees of the law firm of counsel of record);

(b) in-house counsel for the respective parties to this litigation;

(c) any independent outside experts or consultants retained by any of the parties to this action or their counsel for purposes of this litigation (who are not employees,

officers, shareholders, or directors of the party receiving such Attorneys' Eyes Only Material, including their secretarial and clerical personnel), provided that such experts or consultants have executed an Acknowledgement in the form annexed as Exhibit 1 hereto stating that the person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgment, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. However, in the event of any unauthorized disclosure of any Confidential Material or Attorneys' Eyes Only Material, all executed Acknowledgements shall be produced within 24- hours of receipt of a written demand for the production of such Acknowledgments from the party whose Confidential Material or Attorneys' Eyes Only Material was improperly disclosed;

  (d) the designated authors, senders, addressees and copy recipients of the producing party's Attorneys' Eyes Only Material;

  (e) any other person as to whom the parties have mutually agreed in writing in advance and who have executed an Acknowledgement in the form annexed as Exhibit 1; and

  (f) The Court and Court personnel including stenographic reporters.

  (g) Prior to any disclosure of any Confidential Material or Attorneys' Eyes Only Material to any person referred to in subparagraphs 4(b), 4(d) 6(b), or 6(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an Acknowledgement in the form annexed as Exhibit 1 hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case,

whichever comes first. However, in the event of any unauthorized disclosure of any Confidential Material or Attorneys' Eyes Only Material, all executed Acknowledgements shall be produced within 24- hours of receipt of a written demand for the production of the Acknowledgments from the party whose Confidential Material or Attorneys' Eyes Only Material were improperly disclosed.

7. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as Confidential under the terms of this Order. All information and documents provided by both Plaintiff and Defendants prior to the entry of this Order shall hereby be designated as Confidential and subject to the protections provided in this Order.

8. Any party who either objects to any designation of confidentiality or who, by contrast, requests still further limits on disclosure may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein with notice, including a declaration that Materials designated as Confidential Material or Attorneys' Eyes Only Material are not within the scope of Fed. R. Civ. P. 26(c)(7). If such an application is made, nothing herein shall alter any burden of proof that would otherwise apply in determining whether the requested information is within the scope of Fed. R. Civ. P. 26(c)(7).

10. All Confidential Material or Attorneys' Eyes Only Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Material or Attorneys' Eyes Only Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only. The Court also retains discretion whether to afford confidential or attorneys' eyes only treatment to any Confidential Material or Attorneys' Eyes Only Material or any information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

14. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

This order, upon entry as such by the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, employees and representatives.

*This Order is subject to modification by the Court. T.K*

Dated: New York, New York
October 9, 2009

DUANE MORRIS LLP

By: /s/ Vanessa Hew

Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Plaintiff
Lenox Corporation

EDWARDS ANGELL PALMER & DODGE LLP

By: /s/

Kelly D. Talcott
YeWon Min
750 Lexington Avenue
New York, New York 1002
Tel: (212) 308-4411
Fax: (212) 308-4844

Attorneys for Defendants Target Corporation and
PTS America, Inc.

IT IS SO ORDERED. 10/13/09

_____
Theodore H. Katz
United States Magistrate Judge

## EXHIBIT 1

### ACKNOWLEDGEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential Material or Attorneys' Eyes Only Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all documents or other materials to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject to me punishment for contempt of Court.

Dated:_____      _____

DM2\2038148.1