


VANESSA C. HEW
DIRECT DIAL: 212.692.1062
E-MAIL: vchew@duanemorris.com

www.duanemorris.com

October 13, 2009

BY FEDERAL EXPRESS

Hon. Theodore H. Katz
United States Magistrate Judge
Southern District of New York
500 Pearl St., Room 1660
New York, NY 10007

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

Re: <u>Lenox Corporation v. Target Corporation et al. (Civil Action No. 09cv4253) (LTS)(THK))</u>

Dear Judge Katz:

We submit this letter on behalf of Plaintiff Lenox Corporation ("Lenox" or "Plaintiff") in response to defendants Target Corporation and PTS America Inc.'s letter dated October 7, 2009.

On August 21, 2009, Plaintiff served Plaintiff's First Set of Requests for the Production of Documents on defendants Target Corporation and PTS America Inc. (hereinafter collectively, the "Document Requests"). Pursuant to the Federal Rules of Civil Procedure, written responses and/or objections to these Document Requests were due on September 20, 2009. However, to date, Plaintiff has not received any written responses or objections to Plaintiff's Document Requests from defendants Target Corporation and PTS America Inc. (hereinafter, collectively, the "Defendants").

Despite the fact that parties had not conferred on the discovery issues pursuant to Your Honor's Individual Practice Rules, on August 24, 2009, Defendants requested an informal conference with Your Honor to "discuss" the Document Requests. In their letter, Defendants stated that they did not intend to "waste [their] client's resources by reviewing any of these requests until they are reduced to a more reasonable number" and proposed that Plaintiff "withdraw" their Document Requests—a request which Plaintiff refused. In their letter, Defendants did not cite any legal authority for the propositions that Defendants may arbitrarily dictate the number of document requests which Plaintiff is entitled to serve or that Defendants may unilaterally refuse to comply with their discovery obligations on these grounds. Moreover, in the letter, Defendants did not seek leave to file a motion for a protective order in connection with the Document Requests, nor request that the Court relieve them of their discovery obligations with respect to the Document Requests.

DUANE MORRIS LLP

1540 BROADWAY    NEW YORK, NY 10036-4086                    PHONE: 212.692.1000  FAX: 212.692.1020

Hon. Theodore H. Katz
October 13, 2009
Page 2



To date, the Court has neither granted Defendants' request for an informal conference, nor relieved Defendants from their obligations to respond to the Document Requests. Nor has discovery been stayed in this litigation. On October 7, 2009, Plaintiff's counsel sent Defendant's counsel a letter regarding the outstanding Document Requests and demanding that Defendants comply with their discovery obligations.

In response to Plaintiff's counsel's letter, Defendants contend that they believed that the purported issues regarding Plaintiff's Discovery Requests were "to be tabled pending the resolution—or not—of the settlement discussions." However, this contention is unreasonable because it is based solely on Defendants' counsel's unwarranted assumptions and is completely contradicted by the events of the settlement conference and the parties' subsequent discussions thereafter. Significantly, the Court never relieved Defendants of their obligation to respond to the Discovery Requests. Although a settlement conference with the Court was held on August 26, 2009, the Court did not address Defendants' letter during the settlement conference and, to date, no order has been entered by the Court with respect to Plaintiff's Document Requests. Accordingly, absent an express order by the Court or an agreement by the parties, Defendants did not have any reasonable basis for assuming that they could utilize the parties' settlement discussions to evade or forestall their discovery obligations. Indeed, Defendants' experienced litigation counsel should have contacted the Court regarding this issue prior to the deadline for the service of Defendants' responses and objections to the Document Requests, rather than merely allowing the deadline for the submission of the Defendants' responses and objections to lapse.

Moreover, the parties' subsequent discussions regarding discovery issues since the settlement conference completely contradict Defendants' contention that the parties understood that the discovery issues were to be tabled pending the settlement discussions. During these discussions, the parties specifically discussed whether Plaintiff would be willing to agree to a stay of discovery or to grant Defendants an extension of time to respond to the Document Requests and Plaintiff specifically declined both these proposals. During these conversations, Defendants did not claim that the discovery issues were stayed pending the parties' settlement discussion, but rather claimed that they would seek a protective order regarding the Document Requests. However, to date, Defendants have not requested leave to file a motion for a protective order.

Accordingly, Defendants' responses to the Document Requests are still outstanding and Defendants have waived any objections to the outstanding Document Requests. We hereby respectfully request that the Court order Defendants to produce all documents and materials responsive to the Document requests immediately.

DuaneMorris

We thank Your Honor for consideration of this request.

                                        Respectfully submitted,

                                        */s/ Vanessa Hew*

                                        Vanessa C. Hew

cc:    Kelly D. Talcott, Esq.
       YeWon Min, Esq.
       Lewis F. Gould, Jr., Esq.
       Gregory P. Gulia, Esq.

DM2\2084172.1

*[Handwritten:]* Defendant is to submit a letter to the Court by October 21, 2009, setting forth its substantive objections to Plaintiff's document requests.

10/14/09

**SO ORDERED**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE